UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHAD SHAMSHAD,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-07627-DAD-SCR<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On September 18, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) In his *habeas* petition, petitioner alleges as follows.

Petitioner entered the United States without inspection on May 30, 2019 and was detained by the Department of Homeland Security ("DHS") shortly thereafter. (Doc. No. 1 at ¶¶ 33–34.) On September 23, 2019, petitioner was released on bond and placed under Alternatives to Detention ("ATD") supervision. (*Id.* at ¶ 38; Doc. No. 1-3 at 2.) On September 9, 2025, petitioner appeared for a scheduled ICE appointment, at which time ICE informed petitioner that

he had fulfilled the requirements of his ATD supervision and his ankle monitor was removed. (*Id.* at ¶ 53–57.) The next day, petitioner was instructed to return to the ICE office on September 13, 2026. (*Id.* at ¶ 59.) Petitioner appeared for that scheduled appointment and was re-detained by ICE officials. (*Id.* at ¶ 66.) Petitioner was not provided advance notice that ICE intended to re-detain him, nor was he notified of any alleged ATD violations. (*Id.* at ¶¶ 67–68.) Petitioner was not provided an individualized pre-deprivation custody determination. (*Id.* at ¶ 74.)

On September 18, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that in the event respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 21, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents do not object to the court ruling on the merits of the *habeas* petition. (*Id.*) Respondents argue that petitioner should be required to exhaust his administrative remedies, that he is lawfully detained pursuant to § 1226(a), and that he was re-detained due to "ATD noncompliance."[1] (*Id.* at 2–4.) Respondents do not dispute petitioner's allegation that his ankle monitor was removed on September 9, 2026, or that he was told that he fulfilled the conditions of his release. Respondents do not explain why ICE reduced petitioner's supervision requirements on September 9, 2026, and then re-detained him four days later due to alleged ATD violations which all occurred prior to September 9, 2026.

[1] Respondents have provided an unsworn "Record of Deportable/Inadmissible Alien," which states that on September 13, 2026, petitioner was taken into ICE custody due to alleged ATD violations. (Doc. No. 6-1 at 2–3.) Nothing in this document suggests that petitioner was informed that he was being re-detained due to alleged ATD violations. (*Id.*) Moreover, respondents have not provided documentation of the terms of petitioner's release and nothing before the court suggests that petitioner was given notice of the specific alleged violations. (*Id.*) Finally, despite participating in a consensual interview with Deportation Officer Serna regarding his immigration history on the day that petitioner re-detained, it does not appear that petitioner was given an opportunity to respond to the alleged ATD violations. (*Id.* at 3.)

First, as to respondent's exhaustion argument, the court incorporates the reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC (HC), 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) and waives prudential exhaustion in light of petitioner's challenge to his detention pursuant to the Due Process Clause.

Next, in light of the evidence that petitioner was previously released and that ICE determined that petitioner may remain out-of-custody just four days prior to his re-detention, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Fahad Shamshad, A-File No. 201-756-353, from respondents' custody;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;
5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

/////

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 24, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE